UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS W.S. RICHEY,<br><br>               Plaintiff,<br><br>    v.<br><br>RJ STARKS, et al.,<br><br>               Defendants. | Case No. C19-1446-RSM-MLP<br><br>REPORT AND RECOMMENDATION |

This is a 42 U.S.C. § 1983 prisoner civil rights case. Currently before the Court is Plaintiff's application for *in forma pauperis* ("IFP") status and his request to proceed anonymously. The Court recommends that Plaintiff's IFP application be denied and that his request to proceed anonymously be considered if and when he submits the filing fee.[1]

"The PLRA's 'three-strikes' rule prohibits a prisoner from filing an action *in forma pauperis* (IFP) if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on

---

[1] The Court, however, directs the Clerk to SEAL Plaintiff's filings (dkt. ## 1, 3, 4) pending consideration of his request to proceed anonymously.

REPORT AND RECOMMENDATION - 1

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

In *Richey v. Gonzalez*, No. C14-5236-BHS/KLS (W.D. Wash.), the Honorable Brian H. Settle adopted the Honorable Karen L. Strombom's recommendation that Plaintiff's IFP status be revoked because he had more than three strikes. *Id.* at (dkt. ## 17, 20.) Judge Strombom identified the following cases as strikes: *Richey v. Thaut*, No. C11-5755-BHS (W.D. Wash.) (dismissing action for failure to state a claim); *Richey v. Thaut*, No. 12-35632 (9th Cir.) (dismissing appeal as "frivolous"); *Richey v. Thaut*, No. C11-5680-RBL/KLS (W.D. Wash.) (dismissing for failure to exhaust and noting that the dismissal should count as a strike)[2]; *Richey v. Dahne*, No. C12-5060-BHS (W.D. Wash.) (dismissing for failure to state a claim). The Court has identified two additional strikes: *Richey v. Sullivan*, No. C14-5050-BHS (W.D. Wash.) (awarding a strike where case was dismissed as frivolous and malicious); *Richey v. Dean*, No. C14-5071-BJR (W.D. Wash.) (awarding a strike where action was dismissed for failure to state a claim and as frivolous).

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). Among other things, Plaintiff seeks an order prohibiting

---

[2] The Ninth Circuit recently explained that whether a dismissal for failure to exhaust counts as a strike turns on whether "the district court considered documents outside the four corners of the complaint." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016). Thus, if a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal counts as a strike. *Id.* But if a court grants summary judgment for failure to exhaust and in reaching that conclusion considers material outside the complaint, such a dismissal does not count as a strike. *Id.* Because Judges Settle and Strombom relied on evidence beyond Plaintiff's complaint, this dismissal should no longer be counted as a strike.

REPORT AND RECOMMENDATION - 2

his transfer from the Washington State Reformatory to Airway Heights Corrections Center ("AHCC"), alleging that the transfer is retaliatory and there are inmates at AHCC who suspect he is a government informant and will attack him. The Court concludes that Plaintiff's suspicion that he may have conflict with certain inmates who are housed at AHCC is too speculative to amount to a plausible allegation of imminent danger of serious physical injury.

Accordingly, the Court recommends that Plaintiff's IFP application (dkt. # 4) be DENIED and that Plaintiff be ordered to pay the $400.00 filing fee within 30 days of the order on this Report and Recommendation. Plaintiff should be advised that failure to timely pay the filing fee will result in dismissal of this action.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than October 25, 2019. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the day after objections were due.

Dated this 4th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge