UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS W.S. RICHEY,

                Plaintiff,

v.

RJ STARKS, *et al.*,

                Defendants.

Case No. C19-1446-RSM-MLP

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge. Dkt. #5. The R&R recommends denial of Plaintiff's motion to proceed *in forma pauperis* ("IFP") on his prisoner civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed Objections. Dkt. #6. After considering the R&R, Plaintiff's Objections, and the remainder of the record, the Court finds that Plaintiff's motion to proceed IFP, Dkt. #4, should be DENIED. His request to proceed anonymously, Dkt. #4-4, shall be considered if and when he submits the filing fee.

**I.    BACKGROUND**

Plaintiff is a *pro se* litigant currently imprisoned at the Washington Corrections Center. Because of his litigation history before this Court, Plaintiff is subject to the Prison Litigation

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

Reform Act ("PLRA")'s "three-strikes" rule. The "three-strikes" rule prohibits a prisoner from filing an action IFP "if he has accumulated more than three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.2d 1048, 1052 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). A prisoner incurs a strike if he brings an action that was dismissed under Section 1915(e)(2) as frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* (quoting 28 U.S.C. § 1915(g)). Plaintiff's "strikes" are fully set forth in detail in the R&R. Dkt. #5 at 2.

On September 9, 2019, Plaintiff filed an application in this Court to proceed IFP on a Section 1983 prisoner civil rights complaint. Dkt. #1. Plaintiff claims that in or around August 2018, while incarcerated at Monroe Correctional Complex ("MCC"), he was coerced into working as an informant for Defendant Starks, the Intelligence and Investigation Officer at the prison. Dkt. #1-1 at ¶ 6. He allegedly worked as an informant from August 2018 until February or March 2019, when Plaintiff decided he no longer wanted to work as an informant. *Id.* at ¶¶ 7-10. In July and August 2019, Plaintiff alleges that he "was interviewed regarding my whistleblowing reports of being threatened, exploited, and corrupted" by Defendants. *Id.* at ¶¶ 14-15. Plaintiff claims that Defendants pushed to transfer him to the Airway Heights Corrections Center ("AHCC") out of retaliation for his whistleblowing efforts. On August 21, 2019, Defendants ordered his transfer.

Plaintiff brings this action against Defendants for alleged violations of his rights under the First and Eighth Amendments for coercing him into working as an informant, encouraging him to use methamphetamines, and ordering his transfer to another facility out of retaliation. Dkt. #1-1 at ¶¶ 16-24. Plaintiff claims that individuals he informed on were transferred to other prisons, including AHCC. *Id.* at ¶ 8. For that reason, in addition to punitive damages, Plaintiff seeks an

ORDER ADOPTING REPORT AND
RECOMMENDATION- 2

order from this Court prohibiting his transfer from MCC to "another facility that poses a risk to my safety." *Id.* at 14.

## II. DISCUSSION

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Here, Plaintiff objects to the R&R's conclusion that Plaintiff's assertions are too speculative to meet the requisite showing for the imminent danger exception under Section 1915(g). Dkt. #6 at 1-5.

A prisoner seeking to invoke the imminent danger exception under Section 1915(g) must make "specific, credible allegations of imminent danger of serious physical harm." *McNeil v. United States*, No. C05-1975-JCC, 2006 WL 581081, at *3 (W.D. Wash. Mar. 8, 2006) (citing *Kinnell v. Graves,* 265 F.3d 1125, 1127-28 (10th Cir. 2001)). Courts recognize that the "imminent danger" exception is reserved for "genuine emergencies, where time is pressing and a threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (internal quotations omitted). Accordingly, the Ninth Circuit requires that imminent danger of serious physical injury exists at the time the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

Here, Plaintiff claims that his prospective transfer to the AHCC places his "imminent and

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3

future safety" in jeopardy because of his prior work as an informant and that "he knows his experience of working as a government informant has placed him in harm's way." Dkt. #6 at 4-5. As evidence of the imminent danger he faces because of his informant work, Plaintiff references an assault that occurred on July 22, 2019 by a "paid henchman" who believed Plaintiff was responsible for a drug bust. *Id.* at 5. Yet at the same time Plaintiff claims that he was subject to attacks at MCC because of his informant status, he asks that the Court "maintain my safety by keeping me at the Monroe Correctional Complex and prohibiting my transfer . . . ." Dkt. #1-1 at 14. By asking the Court to preserve the status quo and prohibit his transfer to another facility, Plaintiff undermines his own claims that he faced imminent danger while imprisoned at MCC, which was his location when he filed his complaint. For that reason, Plaintiff has failed to show imminent danger of serious physical injury at the time he filed his complaint. *See Andrews*, 493 F.3d at 1053.

Even if the Court liberally construes "imminent danger" to include Plaintiff's upcoming transfer to AHCC, it is unclear when the transfer will actually occur. Defendants ordered the transfer on August 21, 2019, Dkt. #1-1 at ¶ 14, but as of October 18, 2019, Plaintiff remains "in-transit" at Washington Corrections Center in Shelton. Dkt. #6 at 3. Moreover, the harm Plaintiff expects to face at AHCC appears speculative as opposed to real and proximate. He concedes "[t]his current and future injury cannot be estimated with any degree of accuracy." Dkt. #1-1 at ¶ 16. He also maintains that the prospective transfer "creates heightened fears and accompanying stress of knowing I can and probably will be the target of a violent attack that could cost my life." *Id.* These statements cannot reasonably amount to "specific, credible allegations of imminent danger of serious physical harm" for purposes of the "imminent danger" exception under Section 1915(g). *McNeil*, 2006 WL 581081, at *3.

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

For the reasons set forth above, the Court finds that Plaintiff has failed to sufficiently show "imminent danger of serious physical injury" at the time his complaint was filed. Accordingly, based on Plaintiff's prior litigation history, he is not eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

### III. CONCLUSION

The Court, having reviewed Plaintiff's Complaint, the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, Plaintiff's Objections thereto, and the remaining record, hereby finds and **ORDERS** as follows:

(1) The Report and Recommendation is approved and adopted;

(2) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Dkt. #4, is **DENIED**.

(3) To proceed with this action, Plaintiff must pay the $400.00 filing fee **within 30 days of the date of this order**. Failure to timely pay the filing fee will result in dismissal of this action.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Peterson.

DATED this 17 day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5